JUSTICE RICE
dissenting.
¶21 I would affirm the District Court.
¶22 To address the issue of the timing of instrument testing, the Department adopted Rule 23.4.201(5), ARM, defining “annual” as “yearly or once a year, but does not in itself signify what time in a year.” The term “year” is statutorily defined. As the State correctly notes, § 1-1-301(5), MCA, mandates that “Year’ means a calendar year.” Thus, the question is not whether this Court should “read into” the Rule a calendar year meaning. Nor is our task to search the language of the Rule for such an intent. See ¶ 17. Rather, the question is whether we can discern any intent within the Rule to abandon the law’s definition of a “year” as a “calendar year.” However, no such purpose can be identified from the language of the Rule.
¶23 If the language can be thought to be uncertain, the testimony about the Rule’s adoption is that the Rule was specifically drafted to provide for testing the instruments once each calendar year, to give the Department needed flexibility. It cannot be denied that the language the Department chose to accomplish this purpose was consistent with the statutory meaning of “year.”
¶24 The Court’s opinion seems to be a reaction against a potential application of the Rule-allowing for testing over a period of up to “24 months.” See ¶ 17. Of course, in this case, the testing was done within *261 thirteen months. More to the point, given the clear directive of statute, the definition of “annual” adopted by the Rule means “once a [calendar] year, but does not in itself signify what time in a [calendar] year.” Admittedly, such a rendering allows for testing over periods up to twenty-four months. However, that is the Legislature’s choice and is not ours to change.
¶25 The defendant made no attempt to establish that the instrument involved in this matter, tested at thirteen months, rendered an inaccurate reading or in any way prejudiced her. For these reasons, reversal is unnecessary.
CHIEF JUSTICE GRAY joins the dissent of JUSTICE RICE.